UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Google, Inc., <br><br>                Plaintiff, <br><br>vs. <br><br>EMSAT Advanced Geo-Location Technology, LLC <br>and <br>Location Based Services, LLC, <br><br>                Defendants. | CASE NO. <br><br>JUDGE <br><br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Google, Inc. ("Google") states as follows for its Complaint against defendants EMSAT Advanced Geo-Location Technology, LLC ("EMSAT") and Location Based Services, LLC ("LBS") (collectively, "Defendants"):

**JURISDICTION AND NATURE OF THE CASE**

1. Google is a corporation organized and operating under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View California.

2. Upon information and belief, EMSAT is a limited liability company organized and operating under the laws of the State of Nevada, with its principal place of business at 101 Southbend Court, Loveland, Ohio.

3. Upon information and belief, LBS is a limited liability company organized and operating under the laws of the State of Delaware with its principal place of business located at 500 Newport Center Drive, Newport Beach, California.

4. This Court has jurisdiction over the subject matter of this action under Title 35 of the United States Code, as well as pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 2201 and 2202, on the grounds that Google seeks a declaration of its rights against threats of patent infringement litigation made by Defendants concerning one of Google's products, Google Maps™, directly to T-Mobile USA, Inc., in *EMSAT Advanced Geo-Location Technology, LLC and Location Based Services, LLC v. T-Mobile USA, Inc.*, N.D. Ohio Case No. 4:08cv00817 (the "T-Mobile Litigation").

5. This Court has personal jurisdiction over EMSAT because EMSAT resides in the state of Ohio. Further, this Court has personal jurisdiction over EMSAT and LBS by virtue of EMSAT and LBS's purposeful contacts with this district, including EMSAT and LBS's attempts to enforce a patent against T-Mobile USA, Inc. based upon Google Maps.

6. Venue is proper in this Court by virtue of 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claims presented in this Complaint occurred in this district. Venue is further proper because EMSAT is subject to personal jurisdiction in this judicial district and is therefore deemed to reside in this district pursuant to 28 U.S.C. § 1391(c).

7. Google's mission is to organize the world's information and make it universally accessible and useful. To promote this mission, Google offers a variety of innovative tools and

services to customers including Google Maps, which allows users to view maps and get directions. Google Maps for mobile is an application that lets users view maps and get driving directions on phones.

8. On March 31, 2008, Defendants filed multiple lawsuits for patent infringement against many mobile phone providers, including the T-Mobile Litigation, in the Northern District of Ohio. All of the lawsuits allege infringement of a family of patents owned by Defendants that are titled "Cellular Telephone System That Uses Position of a Mobile Unit to Make Call Management Decisions," including U.S. Patent No. 7,289,763 ("the '763 Patent").

9. Upon information and belief, Defendants did not accuse Google Maps of infringing any of their patents until Defendants served a Final Identification of Asserted Claims and Accused Products and Service in the T-Mobile Litigation identifying Google Maps as allegedly infringing claims 23, 26, 28, 31, and 32 of the '763 Patent.

10. Defendants have never directly notified Google that they accuse Google Maps of infringing the '763 Patent.

11. In fact, Google Maps does not infringe claims 23, 26, 28, 31, and 32 of the '763 Patent.

12. Moreover, claims 23, 26, 28, 31, and 32 of the '763 Patent are not patentable under 35 U.S.C. §§ 101, 102, 103, and/or 112.

13. There is a real and immediate controversy over the aforementioned matters between Google and Defendants, the resolution of which is necessary in order that Google may avoid wrongful injury to the reputation of its goods in the marketplace and other direct injury suffered from Defendants' wrongful allegations.

**CLAIM ONE**

14. The foregoing allegations are reasserted in this Claim as if rewritten herein in full.

15. Google is entitled to a declaration in its favor that Google Maps has not infringed and does not directly infringe, contributorily infringe, or induce infringement of claims 23, 26, 28, 31, and 32 of the '763 Patent.

16. EMSAT and LBS have alleged and continue to allege that Google Maps uses technology covered by the '763 Patent. EMSAT and LBS have asserted these allegations in litigation with T-Mobile USA, Inc. Google has an objectively reasonable apprehension that EMSAT and LBS will bring a patent infringement action asserting the '763 Patent against one of Google's products, Google Maps.

17. Therefore, an actual and justiciable controversy exists regarding the alleged infringement of the '763 Patent by Google. Google accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '763 Patent.

18. Absent the requested declaration by the Court, Google will suffer irreparable injury.

19. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., Google is entitled to judgment from this Court finding that claims 23, 26, 28, 31, and 32 of the '763 Patent are not infringed by any Google product, service, or process.

**CLAIM TWO**

20. The foregoing allegations are reasserted in this Claim as if rewritten herein in full.

21. Google is entitled to a declaration in its favor that claims 23, 26, 28, 31, and 32 of the '763 Patent are invalid for failure to satisfy one or more of the requirements for patentability

set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 282.

22. Therefore, an actual and justiciable controversy exists regarding the validity of the '763 Patent by Google. Google accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '763 Patent.

23. Absent the requested declaration by the Court, Google will suffer irreparable injury.

24. As a result, Google is entitled to judgment from this Court finding that the '763 Patent is invalid pursuant to 35 U.S.C. §§ 101 *et seq.*

## EXCEPTIONAL CASE

25. On information and belief, this is an exceptional case entitling Google to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285 as a result of, *inter alia*, EMSAT and LBS's assertion of the '763 Patent against T-Mobile USA, Inc. and Google Maps with the knowledge that Google Maps does not infringe any valid or enforceable claim of the '763 Patent and/or that the '763 Patent is invalid.

## REQUEST FOR RELIEF

WHEREFORE, Google demands a trial by jury and demands judgment against Defendants as follows:

    A. For a declaratory judgment that Google Maps does not infringe claims 23, 26, 28, 31, and 32 of the '763 Patent.

    B. For a declaratory judgment that claims 23, 26, 28, 31, and 32 of the '763 Patent are invalid.

    C. For the cost of this action, together with an assessment of interest and reasonable attorney fees;

D. For an Order precluding Defendants from commencing or maintaining any action against Google, Google's customers or the end users of Google Maps, with regard to the sale and/or use in commerce of Google Maps;

E. For such other and further relief as this Court may deem just and proper.

Dated: May 29, 2009

Respectfully submitted,

/s/ Christina J. Moser
Thomas H. Shunk (0025793)
tshunk@bakerlaw.com
Christina J. Moser (0074817)
cmoser@bakerlaw.com
Baker & Hostetler LLP
3200 National City Center
1900 East Ninth Street
Cleveland, Ohio 44114-3485
Telephone: 216.621.0200
Facsimile: 216.696.0740

Attorneys for Plaintiff Google, Inc.