UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Google, Inc., | CASE NO. 4:09-CV-01243 |
| Plaintiff, | |
| vs. | JUDGE PETER C. ECONOMUS |
| EMSAT Advanced Geo-Location Technology, LLC and Location Based Services, LLC, | OPPOSITION TO DEFENDANTS' MOTION TO DISMISS |
| Defendants. | |

**Table Of Contents**

I.    Introduction ....................................................................................................... 1

II.   Relevant Facts ................................................................................................... 2

III.  Argument ........................................................................................................... 4

   A.   Defendants Do Not Dispute The Jurisdiction Of This Court Or Google's Standing To Sue
        ................................................................................................................. 4

   B.   This Action Serves The Purposes Of The Declaratory Judgment Act By Giving Google, The Maker Of GMM, A Forum To Protect Its Product From Accusations Of Infringement
        ................................................................................................................. 5

   C.   This Action Is The Most Efficient Route To Resolve Defendants' Accusations That GMM Infringes The '763 Patent ..................................................................... 7

**IV.** Conclusion ........................................................................................................ 10

## Table Of Authorities

### CASES

*Arrowhead Indus. Water Inc. v. Ecolochem, Inc.*, 846 F.2d 731 (Fed. Cir. 1988) ................. 5, 6

*Capo, Inc. v. Dioptics Medical Products, Inc.*, 387 F.3d 1352 (Fed. Cir. 2004) ........................ 5

*Cellco Partnership v. Broadcom Corporation*, 227 Fed. Appx. 889; 2007 U.S. App. LEXIS 6437 (Fed. Cir. 2007) ................................................................................ 6

*Codex Corp. v. Milgo Electronics Corp.*, 553 F.2d 735 (1st Cir.), cert. denied, 434 U.S. 860, 98 S. Ct. 185 (1977) .................................................................................... 7

*Delphi Corporation v. Automotive Technologies Int'l, Inc.*, 2008 WL 2941116 (E.D. Mich. July 25, 2008) ................................................................................. 9

*Genentech v. Eli Lilly & Co.*, 998 F.2d 931 (Fed.Cir.1993) .................................................. 4, 8

*Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953 (Fed. Cir. 1987) ................. 5

*Katz v. Lear Siegler, Inc.*, 909 F.2d 1459 (Fed. Cir. 1990) ...................................................... 7

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) .................................................... 4

*Micron Technology, Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897 (Fed. Cir. 2008) .................................................................................................................... 6, 8

*Minnesota Min. and Mfg. Co. v. Norton Co.*, 929 F.2d 670 (Fed. Cir. 1991) ....................... 6, 8

*Pergo, Inc. v. Alloc, Inc.*, 262 F.Supp.2d 122 (S.D.N.Y. 2003) ............................................. 10

*Sony Electronics, Inc. v. Guardian Media Technologies, Ltd.*, 497 F.3d 1271 (Fed. Cir. 2007) ............................................................................................................ 4

*Southern Construction Co. v. Pickard*, 371 U.S. 57, 83 S.Ct. 108, 9 L.Ed.2d 31 (1962) ............................................................................................................... 8

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137 (1995) ............................................. 4

### STATUTES

28 U.S.C. § 2201 ...................................................................................................... 1

Plaintiff Google, Inc. ("Google") respectfully submits its Opposition to the Motion to Dismiss filed by defendants EMSAT Advanced Geo-Location Technology, LLC ("EMSAT") and Location Based Services, LLC ("LBS") (collectively, "Defendants").

## I.    Introduction

Google filed this action for a Declaratory Judgment on May 29, 2009 seeking declarations that Google's software product, "Google Maps for Mobile" ("GMM")[1], does not infringe U.S. Patent No. 7,289,763 ("the '763 Patent") and that the '763 Patent is invalid and unenforceable.  Defendants waived service of process on June 2, 2009.  In lieu of filing an answer, on July 31, 2009, Defendants filed this motion to dismiss.  Although labeled "pursuant to Fed. R. Civ. P. 12(b)(1)," Defendants' motion does not challenge subject matter jurisdiction under the Declaratory Judgment Act, nor does it recite any other basis for dismissal within the scope of Rule 12(b)(1).  Rather, Defendants ask the Court to exercise its discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201, in order to refuse to hear Google's declaratory judgment action.

As the sole basis for their motion, Defendants – who have filed eight lawsuits in three different fora[2] alleging infringement of the patent in suit and three related patents3 – argue that

---

[1] GMM is software which can be utilized on cell phones and similar devices in order to display maps on the cell phone for various purposes.

[2] *EMSAT Advanced Geo-Location Technology, LLC et al v. Cellco Partnership*, Case No. 4-08-cv-00816, OHND, filed 2008-03-31; *EMSAT Advanced Geo-Location Technology, LLC et al v. MetroPCS Communications, Inc. et al*, Case No. 2-08-cv-00381, TXED, filed 2008-10-07 *EMSAT Advanced Geo-Location Technology, LLC et al vs. Alltel Corp.*, Case No. 4-08-cv-00821, OHND, filed 2008-03-31; *EMSAT Advanced Geo-Location Technology, LLC et al v. Sprint Spectrum LP et al*, Case No. 4-08-cv-00818, OHND, filed 2008-03-31; *EMSAT Advanced Geo-Location Technology, LLC et al v. T-Mobile USA, Inc.* Case No. 4-08-cv-00817, OHND, filed 2008-03-31, *EMSAT Advanced Geo-Location Technology, LLC et al v. United States Cellular Corporation*, Case No. 3-09-cv-00007, WVND, filed 2009-01-26; *EMSAT Advanced Geo-Location Technology, LLC et al v. Virgin Mobile USA, L.P. et al*, Case No. 2-09-cv-00091, TXED, filed 2009-04-01; and *EMSAT Advanced Geo-Location Technology, LLC v. AT&T*

Google's lawsuit is "duplicative and a waste of judicial resources."[4]  While consolidation for the limited purpose of claim construction of the various suits filed by Defendants might well promote judicial efficiency and allow all parties to participate equally in construing the claims of those patents, dismissal of Google's complaint would be an abuse of discretion.  First, Google, as the creator of the accused product, has a superior interest in resolving uncertainty regarding that product – the very purpose for which Congress enacted the Declaratory Judgment Act.  Second, dismissal would defeat judicial efficiency and fairness because resolution of the non-Google lawsuits, which involve different parties, different products, and additional patents, will not resolve all of the issues raised in Google's declaratory judgment action.  Accordingly, Defendants' motion should be denied.

## II.    Relevant Facts

Defendants have filed eight lawsuits against thirty-three different entities alleging infringement of a family of patents owned by Defendants entitled "Cellular Telephone System That Uses Position of a Mobile Unit to Make Call Management Decisions."  Google's declaratory judgment action was prompted by Defendants' specific accusation, made in *EMSAT Advanced Geo-Location Technology, LLC and Location Based Services, LLC v. T-Mobile USA, Inc.*, N.D. Ohio Case No. 4:08cv00817 (the "T-Mobile Litigation"), that the use of GMM by Google's customers on devices offered by T-Mobile USA, Inc. ("T-Mobile USA") infringes the '763 Patent.[5]  However, Defendants' infringement theory regarding GMM as set forth in its

---

*Mobility LLC*, Case No. 4-08-cv-00822, OHND, filed 2008-03-31

[3] This action involves U.S. 7,289,763; the remaining lawsuits are believed to involve that patent, as well as related U.S. Patent Nos. 5,946,611, 6,324,404, and 6,847,822.

[4] Memorandum in Support of Motion to Dismiss ("Memo"), Docket No. 7-2 at 4.

[5] See Exhibit 1, Plaintiffs' Final Identification of Asserted Claims and Accused Products and Services.

infringement contentions in the T-Mobile Litigation could apply in a similar fashion to the use of GMM on non-T-Mobile USA devices.[6]

Google's claims are not "identical" to the issues raised in the T-Mobile Litigation, which are in various respects both broader _and_ narrower than Google's claims.  The T-Mobile Litigation purports to address only whether use of GMM on a cell phone offered by T-Mobile USA infringes the '763 Patent.  The T-Mobile Litigation also concerns the unrelated issues of whether a number of non-Google products and services used on cell phones offered by T-Mobile USA infringe three related patents in addition to the '763 Patent.[7]  By contrast the present litigation, in addition to seeking to invalidate the '763 Patent, requests a declaration that _no_ use of GMM – whether in connection with cell phones offered by T-Mobile USA or those offered by other providers – infringes the '763 Patent.[8]  Significantly, Google is not a party to any other related litigation, and the present case is therefore the _only_ forum in which Google will have a voice regarding the legal status of its GMM product.

Prior to filing this Brief, counsel for Google discussed the matter with counsel for Defendants, and Defendants declined to consent to a consolidation of the T-Mobile Litigation with this action in order to achieve whatever efficiencies might be found.  Defendants' claimed

---

[6] See Exhibit 2, Claim Chart detailing claim that use of GMM on T-Mobile devices infringes the '763 Patent, as well as Defendants' statement in their Brief that "Defendants have accused T-Mobile of infringement of the '763 patent through its use and sale of the Google Maps service over its cellular telephone service" at p. 2.  Google's Complaint, at paragraph 7, does not allege that GMM is limited to use on T-Mobile devices, and at paragraph A of the Request for Relief, does not limit the demand for declaration of no infringement to T-Mobile devices.  Defendants cite paragraph 7 of the Complaint in the Statement of Facts of their Brief (see p. 2) without indicating any limitation on the use of GMM to T-Mobile devices.

[7] In the T-Mobile Litigation, Defendants assert that, in addition to GMM, T-Mobile USA's provision of Mobile E911 (Phase II), TeleNav GPS Navigator, MapQuest Navigator and BreadCrumbz infringe some or all of U.S. Patent Nos. 5,946,611, 6,324,404, 6,847,822, and 7,289,763.  See Exhibit 1.  TeleNav GPS Navigator and MapQuest Navigator are products that are unrelated to GMM.

[8] See generally Complaint for Declaratory Relief, Docket No. 1.

interest in preserving judicial resources and promoting efficiency is thus inconsistent with its own actions.

## III.   Argument

### A.   Defendants Do Not Dispute The Jurisdiction Of This Court Or Google's Standing To Sue

Defendants do not dispute that an actual controversy exists, or claim that this Court otherwise lacks subject matter jurisdiction over Google's declaratory relief claims pursuant to the standards enunciated in *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007).[9]  Defendants' argument is limited to whether this Court should nevertheless exercise its discretion to dismiss the case.

"When there is an actual controversy and a declaratory judgment would settle the legal relations in dispute and afford relief from uncertainty or insecurity, in the usual circumstance the declaratory judgment is not subject to dismissal."  *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed.Cir.1993), *r'hrg and r'hrg en banc declined*, *overturned in part on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 289, 115 S.Ct. 2137, 2144 (1995).  A court may exercise its discretion to entertain a declaratory judgment action as long as that decision is "consistent with the purposes of the Declaratory Judgment Act and considerations of wise judicial administration."  *Sony Electronics, Inc. v. Guardian Media Technologies, Ltd.*, 497 F.3d 1271, 1289 (Fed. Cir. 2007).  There must "be sound reason that would make it unjust or inefficient to continue the first-filed action."  *Genentech*. 998 F. 2d at 937-38.  Here, Google's declaratory action both serves the purpose of the Declaratory Judgment Act and, by resolving all

---

[9] See page 3 of the Defendants' Brief.  After setting out the Declaratory Judgment statute (28 U.S.C. § 2201(a), and citing to *MedImmune*, Defendants turn to the question of the Court's discretion "even if the jurisdictional prerequisites of subject matter jurisdiction are otherwise satisfied."  No argument is made concerning the *MedImmune* factors.

issues related to whether or not GMM infringes the '763 Patent in one action, promotes wise

judicial administration.

> **B.**   **This Action Serves The Purposes Of The Declaratory Judgment Act By Giving Google, The Maker Of GMM, A Forum To Protect Its Product From Accusations Of Infringement**

"[T]he purpose of the Declaratory Judgment Act … in patent cases is to provide the

allegedly infringing party relief from uncertainty and delay regarding its legal rights." *Goodyear*

*Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 956 (Fed. Cir. 1987).  "[W]hen these

objectives are served, dismissal is rarely proper."  *Capo, Inc. v. Dioptics Medical Products, Inc.*,

387 F.3d 1352, 1355 (Fed. Cir. 2004) .  In *Capo*, the Federal Circuit held that the district court's

dismissal of an accused infringer's lawsuit was an abuse of discretion where it left the plaintiff

"helpless and immobile so long as the patent owner refuse[s] to grasp the nettle and sue."  *Id*. at

1358.

In the present case, Defendants have apparently made a strategic decision to not pursue

Google directly and, instead, have initiated litigation against one of Google's strategic business

partners.  The Declaratory Judgment Act was created in part for precisely such a situation as

described by the Federal Circuit in *Arrowhead Indus. Water Inc. v. Ecolochem, Inc.*, 846 F.2d

731, 734-35 (Fed. Cir. 1988):

> This appeal presents a type of the sad and saddening scenario that led to enactment of the Declaratory Judgment Act (Act), 28 U.S.C. § 2201. In the patent version of that scenario, a patent owner engages in a *danse macabre*, brandishing a Damoclean threat with a sheathed sword. See *Japan Gas Lighter Ass'n v. Ronson Corp.*, 257 F.Supp. 219, 237, 150 USPQ 589, 601 (D.N.J.1966). Guerrilla-like, the patent owner attempts extra-judicial patent enforcement with scare-the-customer-and-run tactics that infect the competitive environment of the business community with uncertainty and insecurity. See E. Borchard, *Declaratory Judgments* 803-04 (2d ed. 1941).

5

*Id.*

Google filed this lawsuit for declaratory relief to prevent Defendants from initiating piecemeal litigation against each GMM partner (e.g. a mobile phone service provider or manufacturer of a device that allows use of GMM), and each GMM end user, for alleged infringement of the '763 Patent, in order to avoid being made an explicit or implied defendant in a multitude of actions.  Allowing Defendants to pursue such a piecemeal litigation strategy "would undermine the intended purpose of the Declaratory Judgment Act."  *Minnesota Min. and Mfg. Co. v. Norton Co.*, 929 F.2d 670, 675 (Fed. Cir. 1991) (dismissal of declaratory judgment action due to pending interference proceeding was abuse of discretion).  "The Declaratory Judgment Act exists precisely for situations such as this."  See *Micron Technology, Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 902 (Fed. Cir. 2008).  Accordingly, Google's lawsuit serves the underlying objectives of the Declaratory Judgment Act.  *Arrowhead*, 846 F.2d at 734-35.

Defendants cite only one case in support of their request, *Cellco Partnership v. Broadcom Corporation*, 227 Fed. Appx. 889; 2007 U.S. App. LEXIS 6437 (Fed. Cir. 2007), a two page opinion designated "nonprecedential" by the Federal Circuit.  Though the facts are not set out in detail in that opinion, it appears that Cellco used silicon chips in its products that were made by Qualcomm.  Broadcom had previously sued Qualcomm for patent infringement relating to the chips before the International Trade Commission, and Qualcomm and Broadcom were also involved in a patent infringement proceeding the Central District of California.  Qualcomm had exercised its right pursuant to 28 U.S.C. § 1659(a) to stay the California case pending resolution before the ITC, and the Federal Circuit determined that it was within the discretion of the trial court in *Cellco* to dismiss the declaratory judgment action.

*Cellco* thus presents the <u>reverse</u> of the present situation.  Infringement in that case concerned use of Qualcomm's chips by its customer Cellco, and Qualcomm was already involved in two separate actions to defend that use.  In the present case, Google, the manufacturer of the accused product, GMM, has no forum other than this Court to defend the use of its product  As the manufacturer, it is the party best equipped to defend its product and the party most likely to be aware of and advocate for prior art that renders the patent in question invalid.   The Federal Circuit has recognized that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990).  As the First Circuit explained in *Codex Corp. v. Milgo Electronics Corp.*, 553 F.2d 735, 737 - 38 (1st Cir.), cert. denied, 434 U.S. 860, 98 S. Ct. 185 (1977):

> At the root of the preference for a manufacturer's declaratory judgment action is the recognition that, in reality, the manufacturer is the true defendant in the customer suit….it is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products.

*Id.* (citations omitted).  As the creator of GMM and its *de facto* "manufacturer," Google is the party best suited and most interested in defending accusations that the use of GMM infringes any patent.

**C.**     **This Action Is The Most Efficient Route To Resolve Defendants' Accusations That GMM Infringes The '763 Patent**

This is the first – and <u>only</u> – lawsuit between Google and Defendants concerning the '763 Patent.  There is no pending lawsuit against Google for infringement of the '763 patent. Defendants suggest that Google "may even be permitted to intervene in the T-Mobile

litigation."[10]  However, merely raising the possibility that Google may, at the discretion of Judge

Adams, be able to intervene in an on-going action, does not provide a sound reason for

dismissing Google's current action.  See *Minnesota Min.* 929 F.2d at 674.  "[T]he mere chance

of the action becoming moot is not reason enough to dismiss this suit."  See *id*.

Defendants further suggest that dismissal would promote judicial efficiency because

"Google's declaratory judgment claims are identical to those currently being pursued before

Judge Adams by T-Mobile."[11]  As noted above, Defendants' argument is factually incorrect.

Defendants' actions against parties other than Google are both narrower, in that they do not

address the use of GMM on any and all devices, and broader, in that they encompass additional

patents, unrelated parties, and accusations of infringement against different products.  Where the

competing lawsuits will not resolve all issues present in the declaratory judgment action,

dismissal is inappropriate.  See *Micron*, 518 F.3d at 904 (dismissal in favor of competing

infringement case was inappropriate where infringement action was "broader in some regards"

and "narrower" in others).  As the Federal Circuit explained in *Genentech*, "[t]he purpose of

'prevent[ing] multiplicity of actions and … achiev[ing] resolution in a single lawsuit of all

disputes arising out of common matters' … is as valid for declaratory action as any other."

*Genentech*, 998 F.2d at 939, quoting *Southern Construction Co. v. Pickard*, 371 U.S. 57, 60, 83

S.Ct. 108, 110, 9 L.Ed.2d 31 (1962).  Since resolution of the T-Mobile Litigation would not

resolve all of the issues related to GMM, dismissal of this action would not promote judicial

efficiency.  Moreover, requiring Google to involve itself in the more complicated T-Mobile

Litigation would be a round-about way of circumventing the priority given to suits filed by

---

[10] *Id.* at 5 n.2.
[11] Memorandum in Support, at 4.

originators of the allegedly infringing product or service over suits filed against subsequent sellers and users of the product or service.  See *Katz* and *Codex*, *supra*.

As the T-Mobile Litigation addresses only the use of GMM on T-Mobile devices by T-Mobile USA customers, Defendants' suggestion of intervention in reality amounts to a demand that Google seek to intervene in every lawsuit filed by Defendants against a GMM partner or user, a much less efficient method of adjudicating Google's responsibilities than the present action.  Dismissal of this lawsuit in favor of the uncertain possibility that Google may intervene in the T-Mobile Litigation would deny Google the opportunity to defend itself and its product and encourage Defendants' strategy of filing multiple lawsuits against distributors and users of GMM.  *Delphi Corporation v. Automotive Technologies Int'l, Inc.*, 2008 WL 2941116 *5 (E.D. Mich. July 25, 2008) ("As a matter of judicial economy, global settlement is preferred over piecemeal litigation."  In that case the court declined to transfer manufacturer's declaratory judgment action in favor of forum in which customer suits were pending).

Limited consolidation for claim construction purposes of this action with the other actions filed by Defendants before this Court involving the same family of patents may result in judicial efficiencies.[12]  As well, severing and consolidating Defendants' claim in the T-Mobile

---

[12] Fed. R. Civ. Pro. 42(a)(1) permits this Court to "join for hearing or trial any or all matters at issue in [two pending] actions" if those two actions "involve a common question of law or fact."  That Rule also separately provides for "consolidation" of cases in such a situation. A joint hearing on claim construction issues would be a limited matter that would permit this Court to resolve in one proceeding the legal issues that relate to the patents that are common among the three cases pending before it (i.e., the *Cellco Partnership* and *Sprint Spectrum* cases as well as the present action).  Though the *Cellco Partnership* and *Sprint Spectrum* cases are more developed at present, they are also currently stayed pending resolution of the Petition for Review of the action by the Patent Office on reexamination petitions that had earlier been submitted regarding the EMSAT patents.  The present case is therefore potentially amenable to joint hearing on claim construction issues, as briefing between EMSAT and Google could be scheduled and accomplished during the period in which the other cases are stayed, allowing a full record to be before the Court on all three cases, ready for resolution when the stay is lifted.

Litigation that the use of GMM on T-Mobile USA devices allegedly infringes the '763 Patent, or dismissing that claim entirely from the T-Mobile Litigation, may further add to judicial efficiency.  These are issues the Court should address separately, taking into the account the wishes of all affected parties.  However, Defendants' misleading argument that dismissal of this lawsuit will promote "judicial efficiency," is not a "sound reason" for exercising this Court's discretion to refuse to entertain Google's declaratory judgment action.

**IV.**    **Conclusion**

It is beyond dispute that Google's declaratory judgment action serves the underlying purposes of the Declaratory Judgment Act.  Dismissal of Google's action would leave unresolved issues regarding whether the use of GMM in connection with cell phones other than those offered by T-Mobile infringes the '763 Patent, and would also deny Google a forum in which it could defend its own product.  Accordingly, dismissal of Google's action would be an abuse of discretion and Defendants' motion should be denied.

---

In contrast, consolidation of this matter with the other two cases for all purposes would not promote efficiency and may be prejudicial, as the cases involve unrelated parties, additional patents, and different, competing products.  See *Pergo, Inc. v. Alloc, Inc.*, 262 F.Supp.2d 122, 133 (S.D.N.Y. 2003) (joinder of infringement claims against competitors improper).

Dated:   September 2, 2009                          Respectfully submitted,


                                                    /s/ Thomas H. Shunk
                                                    Thomas H. Shunk (0025793)
                                                    tshunk@bakerlaw.com
                                                    Christina J. Moser (0074817)
                                                    cmoser@bakerlaw.com
                                                    Baker & Hostetler LLP
                                                    3200 National City Center
                                                    1900 East Ninth Street
                                                    Cleveland, Ohio  44114-3485
                                                    Telephone: 216.621.0200
                                                    Facsimile: 216.696.0740

                                                    Attorneys for Plaintiff Google, Inc.

CERTIFICATE OF SERVICE

The foregoing brief was served on all parties by virtue of the Court's electronic filing

system on September 2, 2009.

                               __/s/ Thomas H. Shunk_____
                               An Attorney for Plaintiff

1