## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| GOOGLE, INC., | ) | |
| | ) | |
|       Plaintiff, | ) | Civil Action No. 4:09-CV-01243-PCE |
| | ) | |
|       v. | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| EMSAT ADVANCED GEO-LOCATION | ) | |
| TECHNOLOGY, LLC and LOCATION | ) | |
| BASED SERVICES LLC, | ) | |
| | ) | |
|       Defendants. | ) | |
| | ) | |

### <u>REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS</u>

**A.    The Court Should Exercise Its Discretion To Dismiss Google's Declaratory Judgment Action Because It Does Not Promote Wise Judicial Administration**

Google claims that its declaratory judgment action promotes wise judicial administration and therefore the Court should not exercise its discretion to dismiss its case. (Google's Brief at 4-5). As discussed previously and set forth in more detail below, the T-Mobile Litigation already pending before Judge Adams will resolve the same issues raised in Google's complaint. T-Mobile is seeking declaratory judgments that the "Google Maps for Mobile" ("GMM") does not infringe the '763 patent, and that the '763 patent is invalid and unenforceable. (Ex. 1 to Defendants' Motion, ¶¶ 82-89). These are the exact claims being asserted by Google. (Google's Brief at 1).

A court may decline to hear a declaratory judgment action if it decides that the investment of time and resources would not be worthwhile. *Serco Servs. Co. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995). Not only would this Court be hearing the same issues that are currently before Judge Adams but it would have to invest time and resources dealing with an

entirely different cellular technology.   The Sprint, Alltel, and Verizon defendants in cases currently before this Court all use Code Division Multiple Access ("CDMA") technology.[1]  T-Mobile[2] and AT&T[3], the defendants in cases before Judge Adams, all use Global System for Mobile communications ("GSM") technology.   The two types of cellular technology are not compatible with one another and have significant technical differences.   If this Court hears Google's declaratory judgment action it will have to invest significant time and resources in learning GSM technology in addition to the CDMA technology it is already confronted with in the Sprint, Alltel, and Verizon cases.   With Judge Adams already having to learn GSM technology, it would not be a worthwhile investment of this Court's time and resources to do the same.[4]

> **B.     This Action Needlessly Multiplies Judicial Proceedings And Does Not Serve The Purposes Of The Declaratory Judgment Act**

Google says that it filed this lawsuit to prevent Emsat and LBS (hereinafter "Emsat") from initiating piecemeal litigation against each GMM partner and end user.  (Google Brief at 6).  Emsat, however, has not filed any lawsuits against the individual users of cell phones that access GMM.[5]   The only GMM partner that Emsat is aware of is T-Mobile, which it has already filed suit against.

---

[1] *See* Section entitled "Network" at http://en.wikipedia.org/wiki/Verizon_Wireless

[2] *See* http://en.wikipedia.org/wiki/T-Mobile

[3] *See* Section entitled "GSM facilities" at http://en.wikipedia.org/wiki/AT&T_Mobility

[4] Google hints that consolidation of its declaratory judgment action with the various suits filed by Defendants might promote judicial economy.  (Google's Brief at 2).  That it "might" promote judicial economy is not a reason to hear its case when having Google intervene in the already pending T-Mobile Litigation would more likely promote judicial economy.

[5] Google incorrectly claims that its declaratory judgment action was prompted by Defendants' specific accusation in the T-Mobile Litigation that use of GMM by Google's customers infringes

For support, Google cites to *Minnesota Min. and Mfg. Co.* ("*3M*"), which "involves the competing policy considerations of, on the one hand, conserving limited judicial resources by declining jurisdiction and, on the other hand, utilizing the services of a court by permitting a party threatened with legal action to obtain an early adjudication of its rights and liabilities." *Minnesota Min. and Mfg. Co. v. Norton Company*, 929 F.2d 670, 673 (Fed. Cir. 1991).  The court in *3M* held that it was an abuse of discretion to have dismissed a declaratory judgment action for noninfringement based on a pending interference[6] proceeding but the reason was that the interference proceeding would not decide or moot the infringement issues.  *Id.*

On the other hand, it would be a proper exercise of this Court's unique and substantial discretion to dismiss Google's declaratory judgment action because a finding of noninfringement in the T-Mobile Litigation could decide and/or moot the infringement issues.  Furthermore, the invalidity and unenforceability issues have already been raised in at least three different venues and are identical to those raised by Google.

Google claims that prior to filing its Brief it approached Defendants about consenting to a consolidation of the T-Mobile Litigation with this action in order to achieve efficiencies. (Google's Brief at 3).  To the contrary, Google's counsel asked Defendants to consent to its declaratory judgment action being consolidated with the Sprint, Alltel, and Verizon cases, not the T-Mobile Litigation.  As set forth above, such a consolidation would make no sense and would

---

the '763 patent.  (Google's Brief at 2).  Esmat asserted claims 23, 26, 28, 31, and 32 of the '763 patent against T-Mobile's use of GMM.  These are all method claims being practiced by T-Mobile, not by Google's customers.  (*See* Exhibit 2 to Google's Brief).

[6] "An interference proceeding is principally declared to permit a determination of priority, to decide who among multiple patent applicants (or an applicant and a patentee) was the first to invent claimed subject matter.  Issues of patentability can be considered, but infringement will not be.  *See 35 U.S.C. § 135 (1988)* (the PTO "shall determine questions of priority of the

be a terrible waste of judicial time and resources when the same issues are already being litigated before Judge Adams, and this Court would have to learn GSM cellular technology in addition to CDMA cellular technology.

Google also argues that in the present case, as the manufacturer of the accused product, it has no forum other than this Court to defend the use of its product. (Google's Brief at 7). This is obviously incorrect as Google could intervene in the T-Mobile Litigation before Judge Adams where the same issues are currently being litigated. Google relies on two cases, *Katz v. Lear Siegler* and *Codex Corp. v. Milgo Electronics*, for the proposition that litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer. (Google's Brief at 7). These cases are inapposite because they relate to enjoinder of concurrent litigation, not whether a court can exercise its unique and substantial discretion to decline to hear a declaratory judgment action. *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1462 (Fed. Cir. 1990) (relating to grant of injunction prohibiting patent holder from prosecuting concurrent litigations); and *Codex Corp. v. Milgo Electronics Corp.*, 553 F.2d 735, 736 (1st Cir. 1977) (an appeal from the denial of an injunction).

### C.    The More Efficient Route To Resolve Any Dispute Is For Google To Seek To Intervene In The T-Mobile Litigation Pending Before Judge Adams

Google contends that its declaratory judgment action is the more efficient means to resolve its claims related to the '763 patent. In doing so, Google disputes the fact that its declaratory judgment claims are, for all practical purposes, identical to those currently being pursued before Judge Adams by T-Mobile.

---

inventions and may determine questions of patentability")." *Minnesota Min. and Mfg. Co.*, 929 F.2d at 674.

Google claims that Emsat's "actions against parties other than Google are both narrower, in that they do not address the use of GMM on any and all devices, and broader, in that they encompass additional patents, unrelated parties, and accusations of infringement against different products." (Google's Brief at 8). These arguments are either overstated or irrelevant.

Google argues that Emsat's action against T-Mobile is narrower, rather than identical, because it does not address the use of GMM on other devices. Yet at the same time Google argues that "Defendants' infringement theory regarding GMM as set forth in its infringement contentions in the T-Mobile Litigation could apply in a similar fashion to the use of GMM on non-T-Mobile USA devices." (Google's Brief at 3). If that is the case, as Google alleges, then the infringement issues would be the same as those already being litigated in the T-Mobile case before Judge Adams. Hence, the T-Mobile Litigation would not be narrower as Google claims.

Google continues by arguing that Emsat's action against T-Mobile is broader, rather than identical, because "they[7] encompass additional patents, unrelated parties, and accusations of infringement against different products." (Google's Brief at 8). Google correctly notes that there are three additional patents in the T-Mobile Litigation. However, all three are related to the '763 patent, have similar, if not identical, specifications as the '763 patent, and as part of the same patent family would still be involved if Google's declaratory judgment went forward. Google also correctly notes that T-Mobile is not directly a related party. T-Mobile is, however, Google's business partner that exclusively promotes Google's G1 cellular telephone, which includes GMM, making them related for purposes of litigating the '763 patent. (Exhibit 2 to Google's Brief, page 1) (T-Mobile website advertising the Google G1 cellular phone). Finally, it is irrelevant that there are additional products involved in the T-Mobile Litigation. Google can

simply ignore those products, leaving them to T-Mobile to defend, and concentrate solely on

GMM.  To the extent that the T-Mobile Litigation is broader, the reasons are irrelevant.

## CONCLUSION

For the foregoing and previously stated reasons, the Court should exercise its unique and

substantial discretion and decline to hear Google's declaratory judgment action.


Respectfully submitted,

HAHN LOESER & PARKS LLP


  /s/ R. Eric Gaum
Michael J. Garvin (0025394)
mjgarvin@hahnlaw.com
R. Eric Gaum (0066573)
regaum@hahnlaw.com
Robert J. Diaz (0077232)
rjdiaz@hahnlaw.com
200 Public Square, Suite 2800
Cleveland, Ohio  44114-2301
Phone:  (216) 621-0150
Fax:  (216) 241-2824

Attorneys for Defendants Emsat Advanced Geo-
Location Technology, LLC and Location Based
Services LLC

---

[7] Google refers to all of the pending lawsuits filed by Plaintiffs when the only one it should be referring to is the T-Mobile Litigation currently pending before Judge Adams.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 16, 2009, a copy of the foregoing was filed electronically.   Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


/s/  R. Eric Gaum
One of the Attorneys for Defendants
Emsat Advanced Geo-Location Technology,
LLC and Location Based Services LLC