**FILED**

**01 FEB -9 PM 12:20**

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD PHILLIMORE, | : | CASE NO. 1:00CV00211 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE PATRICIA GAUGHAN |
| v. | : | |
| | : | |
| CONSOLIDATED RAIL CORPORATION | : | |
| | : | JOINT PROPOSED |
| | : | JURY INSTRUCTIONS |
| Defendant. | : | |

The parties hereby submit their joint proposed jury instructions.

Respectfully submitted,

**Of Counsel:**

**Coffey & Kaye**

*[signature]*
**MICHAEL J. OLLEY**
718 Two Bala Plaza
Bala Cynwyd, PA 19004
Tel: (610) 668-9800
Fax: (610) 667-3352

**Attorney for Plaintiff**

**Of Counsel:**

**Gallagher, Sharp, Fulton & Norman**

*[signature]*
**SHEILA A. McKEON (0012067)**
7th Floor, Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115
Tel: (216) 522-1169
Fax: (216) 241-1608
Email: sam@gsfn.com

**Attorney for Defendant**

# JURY INSTRUCTION NO. ___

Section 1 of the Federal Employers' Liability Act (45 U.S.C § 51) under which the plaintiff claims the right to recover damages in this action, provides in part that:

> "Every common carrier by railroad while engaging in commerce between any of the several States ... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, ... for such injury ... resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier...."

It is agreed that, at the time and place alleged by plaintiff, the defendant was a common carrier by railroad, engaged in interstate commerce; that the plaintiff was then an employee of Conrail, engaged in such commerce; and that the plaintiff's right, if any, to recover in this case is governed by the provisions of the Federal Employers' Liability Act.

Authority:

1. 45 U.S.C. § 51

2. 3 FJPI § 94.09

# JURY INSTRUCTION NO. ___

It was the continuing duty of Conrail, as an employer, at the time and place in question, to use ordinary care under the circumstances, in furnishing the plaintiff with a reasonably safe place in which to work, and to use ordinary care under the circumstances to maintain and keep such place of work in a reasonably safe condition. This does not mean, of course, that the employer is a guarantor or insurer of the safety of the place to work. The extent of the employer's duty is to exercise ordinary care, under the circumstances, to see that the place in which the work is to be performed is reasonably safe, under the circumstances shown by the evidence in the case.

Authority:

1. Wilkerson v. McCarthy, 336 U.S. 53 (1949)

2. Inman v. Baltimore & Ohio R.R. Co., 361 U.S. 138 (1959)

3. 3 FJPI § 94.10

# JURY INSTRUCTION NO. ____

You have been told that this case is one where the plaintiff contends that the railroad was negligent. And you have been instructed on the meaning of "negligence," and that the causal relationship between negligence, if any, and the plaintiff's alleged injury must be proved by the plaintiff by a preponderance of the evidence.

Now there is a further requirement in establishing negligence, namely that Conrail, through its officers, agents or employees, using ordinary caution and prudence, should have foreseen that some injury would probably arise from their acts or omissions. I tell you this because "reasonable foreseeability of harm" is an essential ingredient of Federal Employers' Liability Act negligence. Defendant's duties are measured by what is reasonably foreseeable under the circumstances, by what in the light of the facts then known, should reasonably have been anticipated.

Authority:

1. Gallick v. Baltimore & O. R.R., 372 U.S. 108, S. Ct. 659, 9 L. Ed. 2d 618 (1963)

2. Bridger v. Union Ry., 355 F.2d 382 (6th Cir. 1966)

3. Inman v. Baltimore & O.R.R., 361 U.S. 138, 80 S. Ct. 242, 4 L. Ed. 2d 198 (1959)

4

# JURY INSTRUCTION NO.

Conrail may not be held liable on the basis of hindsight, that is, of knowledge it had after the incident; whether it exercised reasonable care must be determined in light of the circumstances as they existed before the injury occurred.

Authority:

1. Atlantic Coast Line R.R. v. Dixon, 189 F.2d 525 (5th Cir. 1951), cert. denied, 342 U.S. 830 (1951)

## JURY INSTRUCTION NO.

The plaintiff alleges that by reason of his claimed injuries, proximately resulting from the incidents involved in this case, he has sustained damages.

These allegations are not evidence, of course, but merely the extent of the plaintiff's claims, and must not be considered by you as evidence in the case.

If you find in favor of the plaintiff, then you should award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe he sustained (and is reasonably certain to sustain in the future) as a result, in whole or in part, of the negligence of the defendant.

Authority:

1. 3 FJPI § 85.01

## JURY INSTRUCTION NO.

In order for plaintiff to recover in this case, he must prove by a preponderance of the evidence that any injury he sustained was the result of the negligence of Conrail. You must not speculate in this respect. It is not sufficient for plaintiff to show that such condition could have been caused by the alleged accident. Defendant is not to be held responsible for any ailments which plaintiff may suffer which resulted from any cause other than the incidents mentioned in the evidence. **Except:** [Any physical disability which you find to be attributable to any prior or subsequent accident or illness and which was not the direct result of the accident complained of is not a part of this action and should not be considered by you.]

Authority:

1. Chesapeake & O. Ry. v. Carnahan, 241 U.S. 241, 244 (1916)

2. Bowles v. Zimmer Mfg. Co., 277 F.2d 868 (7th Cir. 1960)

3. 22 Am. Jur. 2d, Damages §§ 80-81, 85, 95, 122, 123

4. Annot., 2 A.L.R. 3d, 290, 360, 384, 401, 434, 446, 487 (1965)

# JURY INSTRUCTION NO. ___

A person who has a condition or disability at the time of an accident is not entitled to recover damages for the pre-existing condition itself. However, he is entitled to recover damages for any aggravation of the pre-existing condition resulting from the injury. But where a pre-existing condition or disability is aggravated in such manner, the damages recoverable by the plaintiff are limited to the additional injury caused by the accident and the plaintiff cannot recover for any worsening of his condition not caused by the accident. Therefore, plaintiff has the burden to prove the extent to which the accident caused the aggravation.

Authority:

1. BAJI § 0014.65

2. Annot., 2 A.L.R. 3d 290 (1965)(collection of cases dealing with alleged pre-existing musculoskeletal conditions).

3. Annot., 2 A.L.R. 3d 360 (1965)(pre-existing digestive condition).

4. Annot., 2 A.L.R. 3d 384 (1965)(cancer).

5. Annot., 2 A.L.R. 3d 401 (1965)(cardiovascular or respiratory).

6. Annot., 2 A.L.R. 3d 434 (1965)(hernia).

7. Annot., 2 A.L.R. 3d 446 (1965)(skin or sensory organs).

8. Annot., 2 A.L.R. 3d 487 (1965)(urogenital)

# JURY INSTRUCTION NO. ___

If you find that plaintiff had a pre-existing condition or disability at the time of the accident in question, he is not entitled to recover damages for the pre-existing condition itself. However, he is entitled to recover damages for aggravation of a pre-existing condition if such aggravation was caused, in whole or in part, by the accident which is the subject matter of this lawsuit. Where a pre-existing condition or disability is aggravated you must take into consideration the possibility that the pre-existing condition would have resulted in continuing harm to the plaintiff even if the accident in question had not occurred. Plaintiff's recovery of damages is limited to the additional injury caused by the accident. **Except:** [If you find that plaintiff's pre-existing condition would inevitably worsen, defendant is entitled to have plaintiff's damages, which resulted solely from this accident, discounted to reflect the proportion of damages that would have been suffered even in the absence of the injury in question.]

Authority:

1. Duty v. United States Dept. of Interior (6th Cir. 1984), 735 F.2d 1012

2. Stoleson v. United States (7th Cir. 1983), 708 F.2d 1217

3. Abernathy v. Superior Hardwoods, Inc. (7th Cir. 1983), 704 F.2d 963

4. Maurer v. United States (2nd Cir. 1981), 668 F.2d 98

5. Evans v. S.J. Graves & Sons Co. (2nd Cir. 1963) 315 F.2d 335

Plaintiff objects to defendant's previously submitted jury instructions nos. 6, 11, 12 and 13, which defendant requests that the court incorporate into the charge to the jury. Defendant will withdraw its previously submitted jury instruction No. 10.

Plaintiff requests that, of his previously submitted Points for Charge, the court give Nos. 2, 5, 8, 18, 19, 22 and 25. Defendant objects to these instructions.