**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **RODERICK BOWLING, et al.,** ) | **CASE NO. 4:00 CV 2367** |
| ) | |
| Plaintiffs, ) | **JUDGE GWIN** |
| ) | |
| vs. ) | **MAGISTRATE JUDGE LIMBERT** |
| ) | |
| **NILES CITY SCHOOL DISTRICT** ) | **DEFENDANTS NILES CITY SCHOOL** |
| **BOARD OF EDUCATION, et al.,** ) | **DISTRICT BOARD OF EDUCATION,** |
| ) | **PATRICK N. GULIANO AND ROBERT** |
| Defendants. ) | **L. MARINO'S JOINT MOTION FOR** |
| ) | **ATTORNEY'S FEES, EXPERT FEES** |
| ) | **AND COSTS** |

Now come Defendants Niles City School District Board of Education, Patrick N. Guliano, and Robert Marino (collectively "Defendants") to move this Court for their attorney fees, expert fees, and costs in regard to the instant matter pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, as 42 U.S.C. § 1988. This motion arises from this Court's November 28, 2000 and December 18, 2000 Orders [Docs. 44, 52]. Defendants submit that a fair estimate of their attorney fees, expert fees and costs in this matter is approximately Seven Thousand Five Hundred Dollars ($7,500.00) and should be joint and severally assessed against Plaintiffs and their counsel.

1

Further support for this motion is set forth in the *Memorandum in Support* attached hereto and incorporated herein.

Respectfully submitted,

s/ Matthew J. Markling
Susan S. McGown (0040680)
Matthew J. Markling (0068095)
BRITTON, McGOWN, SMITH, PETERS
 & KALAIL
4700 Rockside Road, Suite 540
Cleveland, Ohio 44131-2152
Telephone: (216) 642-0323
Facsimile: (216) 642-0747
E-Mail: smcgown@ohioedlaw.com
 mmarkling@ohioedlaw.com

Counsel for Defendants Akron City School District Board of Education, Patrick N. Guliano and Robert L. Marino

**MEMORANDUM IN SUPPORT**

I.  **INTRODUCTION**

On November 11, 2000, Plaintiffs dismissed their loss of consortium claim against Defendants. *See Memorandum in Opposition to Motion for Judgement on Pleadings* at 13-14 [Doc. 32].

On November 7, 2000, this Court dismissed the Section 1983 federal claim and all state claims against the Board. This Court also dismissed the Section 1983, negligent infliction of emotional distress and intentional infliction of emotional distress claims against Superintendent Guliano and Principal Marino.

On December 18, 2000, this Court vacated its November 28, 2000 *Order* with respect to the Section 1983 claim against Defendants to the extent that Plaintiffs pled facts sufficient to show an equal protection violation based upon sexual harassment. *See* Dec. 18, 2000 *Order* at 5-6. This Court also repeated the fact that Plaintiffs cannot recover under Section 1983 based on a violation of Amber's due process right to bodily integrity. *See id.* at 4. As a result, the Section 1983 claim survived judgment on the pleadings only to the extent that facts were pled stating a Section 1983 claim under the Equal Protection Clause.

Based upon the dismissal of these actions, this Court should award Defendants their attorney fees, expert fees and costs.

II.  **LAW AND ARGUMENT**

Defendants respectfully move this Court for their attorney fees, expert fees and costs leading up to the Court's November 28, 2000 and December 18, 2000 Orders. The grounds for this motion are two-fold.

Defendants first request that their attorney fees and expert fees be assessed against Plaintiffs' counsel pursuant to Federal Rules of Civil Procedure 11 and 28 U.S.C. § 1927 as a result of the frivolous conduct on behalf of counsel. Defendants next request that their attorney fees and expert fees be assessed against Plaintiffs pursuant to 42 U.S.C. § 1988.

The test for the imposition of Rule 11 sanctions is whether the individual's conduct was reasonable under the circumstances. *See Mann v. G&G Mfg., Inc.,* 990 F.2d 953, 958 (6th Cir.), *cert. denied,* 498 U.S. 111 (1990). Rule 11 relates to papers filed in court by an attorney. Rule 11 requires the attorney's certification to the court and signing a pleading or other paper that the attorney believes on the basis of reasonable inquiry that the pleading is well grounded in fact and is warranted by existing law for the position taken and that the paper is not filed for an improper purpose. *See Jackson v. Law Firm of O'Hara, Rulberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989). The Advisory Committee Notes accompanying Rule 11 caution against using the rule to undermine fee-shifting statutes: "In cases brought under a statute providing for fees to be awarded to prevailing parties, the court should not employ cost-shifting under this rule in a manner that would be inconsistent with the standards that govern statutory award of fees, such as stated in *Christianburg Garment Co. v. EEOC,* 434 U.S. 412 (1978)." FED. R. CIV. P. 11 advisory note.

Defendants also request that this Court find Plaintiffs' counsel personally liable for their attorney fees, expenses and costs pursuant to 28 U.S.C. § 1927. Section 1927 provides for the assessment of attorney fees, costs and expenses against an attorney who "multiplies the proceedings

in any case unreasonably or vexatiously" through wilful abuse of the judicial process. *Jones v. Continental Corp.*, 789 F.2d 1225, 1229-33 (6th Cir. 1986).[1]

> When an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims, a trial court does not err by assessing fees attributable to such actions against the attorney.

*Id.* Application of Section 1927 is warranted when attorneys have engaged in some sort of conduct, that from an objective standpoint, "falls short of the obligations owed by a member of the bar to the court, and which as a result causes additional expense to the opposing party." *Holmes v. City of Massillon, Ohio* 78 F.3d 1041, 1049 (6th Cir. 1996) (citation omitted), *cert. denied, Fabianich v. Holmes,* 117 S.Ct. 312, 136 (1996). Section 1927 has been interpreted as authorizing an award of fees where conduct of counsel was intentional or reckless. *See United States v. Ross,* 533 F.2d 346 (6th Cir. 1976). Thus, the conduct of counsel must amount to more than simple inadvertence or negligence. *Id.*, *citing Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d. 414, 419 (6th Cir. 1992).

This Court may also consider counsel's ability to pay fees under Section 1927. However, if the fee amount is reduced, this Court must explain with specific findings. "A district court should state with some particularity which of the claimed hours the court is rejecting, which it is accepting, and why." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1176 (6th Cir. 1990).

---

[1] Congress amended Section 1927 expressly to provide that any attorney who so multiplies proceedings "unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. *See* The Antitrust Procedural Improvements Act of 1980, Pub. L. No. 96-349, S 3, 94 Stat. 1154, 1156 (Sept. 12, 1980).

Plaintiffs' loss of consortium (all Defendants), Section 1983 due process claim (all Defendants), negligent infliction of emotional distress (all Defendants), intentional infliction of emotional distress (all Defendants) and negligent retention and supervision (the Board only) causes of action ("Plaintiffs' Claims") in this case were frivolous because they were not warranted under existing law; by any argument for an extension, modification, or reversal of existing law; or the establishment of new law. *See* FED. R. CIV. P. 11(b)(2); 28 U.S.C. § 1927. Moreover, Plaintiffs' Claims also lacked evidentiary support. *See* FED. R. CIV. P. 11(b)(3) and (4); 28 U.S.C. § 1927;

In regard to Plaintiffs' loss of consortium claim, Plaintiffs conceded their lack of legal support and dismissed this claim. *See* Nov. 7, 2000 *Memorandum in Opposition* at 13-14.

In regard to Plaintiffs' state claims against the Board, this Court found the Board to be immune from all claims as a matter of law. *See* Nov. 18, 2000 *Order* at 8. This Court also rejected Plaintiffs' argument that Ohio sovereign immunity law is unconstitutional. *See id.* at 8-10.

In regard to Plaintiffs' negligent infliction of emotional distress claim as to Superintendent Guliano and Principal Marino, this Court found no allegation "that Plaintiff Thornsberry suffered emotional distress as a result of perceiving the threat of real physical danger to herself or another student." Nov. 18, 2000 *Order* at 12.

In regard to Plaintiffs' intentional infliction of emotional distress claim, this Court was not convinced that Superintendent Guliano and Principal Marino's "behavior could possibly lead an average member of the community to exclaim, '"Outrageous!"'" Nov. 18, 2000 *Order* at 12.

In regard to Plaintiffs' Section 1983 claim, this Court found that Plaintiffs failed to plead a constitutional violation based upon a due process right to bodily integrity. *See* Nov. 18, 2000 *Order* at 5.

4

As a final matter, Defendants respectfully request that their attorney fees and expert fees be assessed against Plaintiffs pursuant to 42 U.S.C. § 1988(b) and (c) because Defendants are the prevailing party in this matter. Section 1988 provides that the prevailing party may recover attorney fees in any proceeding brought pursuant to the civil rights provisions of Section 1983 and 42 U.S.C. § 1988(b). The Supreme Court pronounced the standard a court should apply when making a determination as to whether a successful defendant should be awarded attorney fees under Section 1988 in *Christianburg Garment Co. v. E.E.O.C.*, 434 U.S. 412 (1978) (promulgating the standard for deciding attorney fee awards to prevailing defendants in Title VII cases) and *Hughes v. Rowe,* 449 U.S. 5 (1980) (adopting, for civil rights cases, the standard used in determining attorney fee awards to successful defendants in Title VII actions). "Under the *Christianburg-Hughes* standard, a successful defendant may recover §1988 fees only if the plaintiffs action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." M. Schwartz et al., *Section 1983 Litigation: Claims, Defenses and Fees,* § 26.1 (1191). *See, also, Christianburg Garment Co.,* 434 U.S. at 422; *Hughes v. Rowe,* 449 U.S. at 14-15 (1980); *Brown v. Borough of Chambersburg*, 903 F.2d 274 (3rd Cir. 1990). As discussed above, Plaintiffs' Section 1983 claim was frivolous, unreasonable and/or groundless. *See supra*; *Hughes* at 449 U.S. at 15, 101 S. Ct. at 179 *citing Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *Brown*, 903 F.2d at 277 *citing Christiansburg, supra*. Accordingly, this Court should award Defendants their attorney fees and expert fees.

Defendants submit that a fair estimate of their attorney fees, expert fees and costs leading up to this Court's November 28, 2000 and December 18, 2000 *Orders*, is approximately Seven

5

Thousand Five Hundred Dollars ($7,500.00) and should be joint and severally assessed against Plaintiffs and their counsel.

To determine the amount of costs to award, this Court looks to 28 U.S.C. § 1920, which lists the following items this Court may tax as costs:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> Upon allowance, costs are deemed included in the judgment or decree.

"The prevailing party in a civil rights action . . . is in the same position as any other prevailing party with respect to costs available pursuant to 28 U.S.C. § 1920." *Goostree v. State of Tennessee,* 796 F.2d 854, 864 (6th Cir. 1986), *cert. denied.,* 480 U.S. 918 (1987). Notably, the Sixth Circuit has recognized that allowing imposition of costs against unsuccessful civil rights plaintiff

– even indigent plaintiffs – does not have any perceived chilling effect on the filing of such actions. *Weaver v. Toombs,* 948 F.2d 2004, 1008 (6th Cir. 1991).

Based upon the foregoing, Defendants respectfully move this Court for their attorney fees and expert fees in regard to the instant matter.

Respectfully submitted,

/s/ Matthew J. Markling
Susan S. McGown, Esq. (0040680)
Matthew J. Markling, Esq. (0068095)
BRITTON, McGOWN, SMITH, PETERS
 & KALAIL CO., L.P.A.
Summit One - Suite 540
4700 Rockside Rd.
Cleveland, OH 44131-2152
Telephone No.: (216) 642-0323
Facsimile No.: (216) 642-0747
E-Mail: smcgown@ohioedlaw.com
 mmarkling@ohioedlaw.com

Attorneys for Defendants Niles City School District Board of Education, Patrick N. Guliano and Robert L. Marino

**CERTIFICATE OF SERVICE**

A copy of the above foregoing was filed electronically on this 12th day of February, 2001. Notice of this filing will be sent to the parties listed below by operation of this Court's electronic filing system. Parties may access this filing through the Court's system:

Michael E. Stinn, Esq.
Seeley, Savidge & Ebert Co., L.P.A.
600 Superior Avenue, East #800
Cleveland, Ohio 44114-2655

and

Louis J. Licata, Esq.
Angela M. Privitera, Esq.
6480 Rockside Woods Blvd. South
Suite 390
Independence, Ohio 44131

and

Debora K. Witten, Esq.
Witten & DeMatteis
465 Robbins Avenue
Niles, Ohio 44446

/s/ Matthew J. Markling
MATTHEW J. MARKLING (0040680)