FEB 28 2001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
01 FEB 28 PM 4:02
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND OF OHIO

| | |
|---|---|
| MARIANN PAVIS<br>4853 Westchester, Apt. 315<br>Austintown, Ohio 44515<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS CORPORATION<br>LORDSTOWN PLANT<br>P.O. Box 1406<br>Warren, Ohio 44482<br><br>and<br><br>GENERAL MOTORS CORPORATION<br>New Center One Building<br>3031 Westgrand Boulevard<br>Detroit, Michigan 48232<br><br>and<br><br>UNITED AUTOMOBILE, AEROSPACE &<br>AGRICULTURAL IMPLEMENT<br>WORKERS OF AMERICA, Local 1112<br>c/o Jim Graham, President<br>11471 Ruther Drive<br>Warren, Ohio 44181<br><br>Defendants. | CASE 4:01 CV 483<br><br>JUDGE<br><br>**JUDGE GWIN**<br>**MAG. JUDGE LIMBERT**<br><br>**COMPLAINT**<br>(Americans with Disability Act under Section 42 U.S.C. Section 12110 *et seq.*, Gender Discrimination under 42 U.S.C. Section 2000e-5, Union Breach of Duty of Fair Representation under 29 U.S.C. Section 158, Breach of Collective Bargaining Agreement, and Pendent State Claims)<br><br>**JURY DEMAND ENDORSED HEREIN** |

Now comes Plaintiff, Mariann E. Pavis, by and through her counsel, as an individual citizen of the City of Austintown, Mahoning County, within the Eastern Division of the Northern District of Ohio, and for her Claims For Relief against Defendant, states as follows:

## JURISDICTION AND VENUE

1) This Complaint is brought pursuant to Section 107(a) of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. Section 12117 which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Section 2000e-5; and sex discrimination in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. Section 2000(e) *et seq.*; Ohio Civil Rights statutes regarding discrimination in employment (Ohio Revised Code Section 4112.02 *et seq.* and Section 4112.99); the Common Law Jurisprudence of the State of Ohio; 29 U.S.C. Section 158 regarding UAW's breach of its duty of fair representation; for intentional infliction of emotional distress, and breach of the Collective Bargaining Agreement by General Motors Corporation (hereinafter "GM").

2) Plaintiff is a citizen of the United States and a resident of Mahoning County, Ohio.

3) Defendant GM is a corporation headquartered in Detroit, Michigan. GM is in the business of designing, manufacturing and selling motor vehicles throughout the world. GM employs hundreds of thousands of workers within the United States, and is engaged in interstate commerce.

4) At all relevant times, GM was and is an "employer" as defined in the Federal and Ohio statutes prohibiting discrimination in employment on the basis of sex and disabilities.

5) This Honorable Court has jurisdiction over Plaintiff's claims of sex discrimination brought pursuant to 42 U.S.C. Sections 2000e, et seq., violation of the ADA pursuant to 42 U.S.C. Section 12117, and for the United Automobile, Aerospace & Agricultural Implement Workers of America, UAW's (hereinafter "the Union") violation of 29 U.S.C. 158. Plaintiff filed a Charge with the Ohio Civil Rights Commission (hereinafter "OCRC") and the Equal

Employment Opportunity Commission (hereinafter "EEOC") on or about February 28, 1997. After undertaking an investigation, the OCRC did determine that it was probable that impermissible discriminatory conduct had indeed occurred. Plaintiff also received her Notice of Right to Sue from the EEOC. Plaintiff filed an initial Complaint within the 90 days of receipt of said notice, which was voluntarily dismissed on March 7, 2000.

6) The remaining claims are before the Court pursuant to diversity jurisdiction over related state law claims, pursuant to 28 U.S.C. Section 1332. The amount in controversy exceeds Seventy Five Thousand Dollars.

## FACTS COMMON TO ALL CLAIMS

7) Plaintiff Marianne Pavis began her employment with GM on October 3, 1977, as a full-time production worker on the night shift at the Plant in Warren, Ohio, and ever since has been a Union member.

8) In 1983 Plaintiff sustained her first work-related injury and filed a worker's compensation claim.

9) Plaintiff was unable to return to work until 1991. From September 1986 through 1991 Plaintiff was on an extended disability leave. She reported back to work in 1987 however the GM doctor would not allow her to return back to work at that point.

10) In 1991, the GM doctor allowed her to begin a full-time position with medical restrictions.

11) However since returning back to work in 1991, GM has refused to honor Marianne Pavis' designated restrictions from her neurologist. GM has continually placed her in various jobs outside her restrictions.

3

12) Plaintiff complained to the Union who refused to help.

13) Despite the fact that these various jobs were outside her work restrictions, Plaintiff attempted to perform them by using an ice pack and taking painkillers, Vicoden, prescribed by her doctor.

14) After Plaintiff developed more injuries to her back, she was forced to take another sick leave and then an extended disability totaling two years.

15) Marianne Pavis reported back to work in March of 1994. Again, GM refused to honor her work restrictions.

16) During August of 1996, Plaintiff sustained another work related injury to her elbow necessitating the filing of a Workers' Compensation claim.

17) As of January 1997 Marianne Pavis had a disability: Cervical and dorsal strain/sprain, tendonitis in her elbow and myofibrositis.

18) In 1997, after being switched from job to job, GM and the Union told Plaintiff that there were no jobs within her restrictions anywhere in the Plant. This was not true.

19) After investigating various jobs, Marianne Pavis found several jobs within her restrictions throughout the Plant, one of them being that of a Monitor. She brought these jobs to the attention of GM management as well as the Union, specifically her foreman, and her committeeman at the time. Management and the Union told Plaintiff that all the jobs were either outside her restrictions and/or had workers with more seniority. This was not true.

20) A fellow co-worker who had been working as a Monitor with less seniority than Plaintiff, admitted when the Union and Management brought her and/or the company doctor to observe the potential job within her restrictions that he and his co-workers

4

were told to falsely perform movements outside Plaintiff's restrictions that were <u>not</u> in their job duties, so she could not get the job. All the monitors were told that if they did not do this they would lose their job to someone with higher seniority.

21) Despite the fact that there were available jobs and Plaintiff had greater seniority, Defendants refused to transfer Plaintiff and provide her with reasonable accommodations.

22) However, males in this same program were accommodated, assisted and even transferred to different classifications.

23) On December 2, 1997, Marianne Pavis was told there were no jobs within her work restrictions and she had to go home.

24) Marianne Pavis filed a grievance that day with the Union. The Union never responded to this grievance until two years later when it was dismissed.

25) While Marianne Pavis was forced to work outside her work restrictions, she suffered from a herniated disk in her neck.

26) In November of 2000, GM told Plaintiff that she could return to work.

27) On her first day of work, November 27, 2000, the GM doctor filled out a Restriction Form. On this form he checked "No work at or above shoulder level," which was to be reviewed on February 27, 2001. Despite GM's own doctor's restrictions, they placed her in a job where Plaintiff had to reach above her head approximately five hundred times a night in order to close the trunk of cars. Notwithstanding his own restrictions, the GM doctor said that Plaintiff was capable of doing this new job assignment without any accommodations.

28) Again, Mariann went to file a grievance with her Union in January,

5

2001. This time her grievance was against the GM doctor who had instructed her to work outside her restrictions. The Union refused to write out a grievance simply stating that she could not file one against the doctor.

29) Since Plaintiff's return, nothing has changed. Management and the Union refuse to honor any of her work restrictions and continuously place her in jobs outside her work restrictions. Continuing through the present, GM has refused to accommodate her restrictions, has engaged in a pattern of accommodating similarly situated males and has purposefully fabricated artificial barriers in the form of alleged job requirements and/or unreasonably ignored her medical limitations.

## FIRST CLAIM FOR RELIEF
### (Violation of the ADA)

30) Plaintiff hereby reincorporates as if fully rewritten herein all the preceding paragraphs of the Complaint, and states that the various acts and omissions of Defendant GM towards her, including without limitation, its failure to accommodate her disabilities, and its discrimination against her on the basis of disability constitute discrimination in violation of 42 U.S.C. § 12112 *et seq.* (ADA). GM's conduct has been intentional, willful, and with reckless disregard for Plaintiff's legal rights.

31) As a direct and proximate result of this breach, Plaintiff has suffered years of lost wages and fringe benefits, other economic benefits of employment, severe emotional anxiety and distress, and she has incurred medical expenses, attorney's fees, costs and expenses.

WHEREFORE, Plaintiff Marianne Pavis prays for judgment against the Defendant GM for full, fair, and just compensatory and punitive damages in accordance with all existing law,

reinstatement, accommodation in a position within her medical limitations and fair treatment, and attorney's fees and costs.

## SECOND CLAIM FOR RELIEF
### (Gender Discrimination)

32) Plaintiff hereby reincorporates as if fully rewritten herein all the preceding paragraphs of the Complaint, and states that the Defendant GM failed to accommodate and employ her to a position within her work restrictions (motivated in substantial part by her gender female) but similarly situated males were accommodated within their restrictions. GM's conduct is in violation of 42 U.S.C. 2000e *et seq.* and Ohio Revised Code Section 4112.02 which prohibit gender discrimination, *inter alia*, in employment, and has been intentional, willful and with reckless disregard for Plaintiff's legal rights.

33) As a direct and proximate result of this breach, Plaintiff has suffered years of lost wages and lost fringe benefits, other economic benefits of employment, severe emotional anxiety and distress, and she has incurred medical expenses, attorney's fees, costs and expenses.

WHEREFORE, Plaintiff Marianne Pavis prays for judgment against Defendant GM for full, fair and just compensatory and punitive damages in accordance with all existing law, and attorney's fees and costs.

## THIRD CLAIM FOR RELIEF
### (The Union's Breach of Duty of Fair Representation)

34) Plaintiff reincorporates as if fully rewritten herein all the preceding paragraphs of the Complaint and further states the Defendant Union has failed to perform its contractual legal duties to fully and fairly represent her in the grievances and claims against her employer,

7

Defendant GM, and that such breach and violation of duty and law has continued up through and including the present time as she is currently employed at GM.

35) The Union's decision to dismiss Plaintiff's grievance in 1999 and their refusal to file another one in December, 2000 and again in January 2001, was discriminatory and in bad faith.

36) The Union has been in conspiracy with management and has utterly failed to represent Plaintiff. Its conduct has been willful, malicious and with reckless disregard for Plaintiff's legal rights.

37) As a direct and proximate result of Union's breach of its legal and contractual duty of full and fair representation of it member, Marianne Pavis has suffered lost wages, and benefits, other economic benefits of employment, and has suffered severe emotional anxiety and distress, and has incurred medical expenses, attorney's fees, costs and expenses.

WHEREFORE, Plaintiff Marianne Pavis prays for judgment against the Defendant Union for full, fair, and just compensatory and punitive damages in accordance with all existing law, together with attorney's fees and costs.

## FOURTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)

38) Plaintiff reincorporates as if fully rewritten herein all the preceding paragraphs of the Complaint, and further states that the conduct allowed, ratified and condoned by Defendant GM was and is outrageous, and beyond the norms of civilized society, and constitutes the tort of intentional infliction of emotional distress upon Plaintiff Mariann Pavis, as a direct and proximate result of which she has suffered severe and disabling emotional distress

8

requiring medical treatment on an ongoing basis. Such conduct was with reckless disregard for her rights and safety, and malicious and willful.

WHEREFORE, Plaintiff prays for judgment against Defendant GM for full, fair and just compensatory and punitive damages in accordance with all existing law, as well as attorney's fees, and costs.

## FOURTH CLAIM FOR RELIEF
### (Breach of Collective Bargaining Agreement)

39) Plaintiff reincorporates as if fully rewritten herein all the preceding paragraphs of the Complaint, and further states that GM's continuous failure to let Plaintiff work in a position for which she is qualified and has the most seniority, and is within her limitations, was a breach of the Collective Bargaining Agreement ("CBA") between GM and the Union membership, including her. The CBA is a voluminous document in the possession of all parties and therefore it is not attached hereto.

40) As a direct and proximate result of GM's breach of the CBA, Plaintiff has suffered lost wages, economic dislocation, erosion of her pension plan, and future damages to be determined.

Wherefore, Plaintiff prays for judgment against GM for full, fair and just compensatory damages in accordance with all existing law.

## JURY DEMAND

A TRIAL BY THE MAXIMUM NUMBER OF JURORS ALLOWED BY LAW IS HEREBY DEMANDED.

Respectfully submitted,

/s/ Kevin T. Roberts
Kevin T. Roberts (0037479)
Marianne K. Barsoum (0071567)
The Roberts Law Firm
450 Lakeside Place
323 Lakeside Avenue West
Cleveland, Ohio 44113
(216) 781-6166
Counsel for Plaintiff