IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTHONY N. PANNOZZO, M.D.<br>748 BOARDMAN-CANFIELD ROAD<br>BOARDMAN, OHIO 44512<br><br>PLAINTIFF<br>VS.<br><br>ANTHEM BLUE CROSS AND<br>BLUE SHIELD<br>2400 MARKET STREET<br>YOUNGSTOWN, OHIO 44507<br><br>AND<br><br>KEVIN L. NASH, M.D.<br>500 GYPSY LANE<br>YOUNGSTOWN, OHIO 44504<br><br>DEFENDANTS | CASE NO.: 4:01 CV 01186<br><br>JUDGE ECONOMUS<br><br><br><br><br>FIRST AMENDED COMPLAINT<br>FOR DAMAGES AND INJUCT-<br>IVE RELIEF; JURY DEMAND |

Comes now the Plaintiff, **Dr. Anthony N. Pannozzo**, by and through undersigned counsel, and for his Complaint, hereby states as follows:

### INTRODUCTION OF THE PARTIES

1. Plaintiff Dr. Anthony N. Pannozzo (hereinafter referred to as "Plaintiff Pannozzo" or "Plaintiff"), is a medical doctor licensed by the Ohio State Medical Board to practice medicine in the State of Ohio, practicing in Mahoning County, with a principal place of business in Mahoning County, Ohio. He is board certified by the American Academy of Physical Medicine and Rehabilitation, board certified by the American Board

of Electrodiagnostic Medicine, a member of the American College of Occupational and Environmental Medicine, and Director of Physiatrist Associates of Youngstown, Inc.

2. Defendant Anthem Blue Cross and Blue Shield (hereinafter referred to as "Defendant Anthem" or "Anthem"), is a health care insurer who, at all times relevant, operates its business within the jurisdiction of this Court and has an office in Mahoning County, Ohio.

3. Defendant Dr. Kevin Nash (hereinafter referred to as "Defendant Nash"), is a medical doctor, licensed by the Ohio State Medical Board, to practice medicine in the State of Ohio, practicing on Mahoning County, with a principal place of business in Mahoning County, Ohio.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to federal question jurisdiction.

5. Venue is proper in this Court as all claims arose within the jurisdiction of the Court.

6. This Court also has jurisdiction over state pendent claims, since the acts complained of all occurred in Mahoning County, Ohio.

## FACTUAL BACKGROUND

7. Plaintiff incorporates the foregoing paragraphs 1-6 as if fully rewritten herein.

8. At all times relevant hereto, the Plaintiff, a physician specializing in rehabilitation therapy, operated a rehabilitation clinic in Mahoning County, Ohio. The Plaintiff invested a great deal of time, money and professional dedication to treating his patients.

9. Many of the success stories of Plaintiff's care and treatment of his patients involve chronic pain and conditions that were treated for lengthy periods of time by other health practitioners in the area, notably chiropractors and rehabilitation centers, that were referral points for various medical professionals.

10. At all times relevant hereto, Plaintiff enjoyed substantial success at his venture. A substantial portion of this success, both financially and professionally, involved a multi-year relationship with Defendant Anthem.

11. On an annual basis for the past ten years, the Plaintiff and Anthem executed medical provider agreements (the most recent of which is attached hereto as **Exhibit "A"**), which permitted Plaintiff to treat patients covered by Anthem's health insurance benefits which, in most instances, compensated or reimbursed Plaintiff for 100% of the charges that were incurred by the Plaintiff's patients.

12. Plaintiff relied upon the annual renewal of this agreement.

13. Before becoming a "member of Anthem's network," pursuant to the relevant provider agreement, the Plaintiff, along with other medical health professionals, had to pass "professional muster," in that they had to be properly "credentialed" and qualified to treat Anthem's insured participants. This was a continuing requirement. During his ten year association with Anthem, Plaintiff repeatedly passed this credentialing

requirement. (A copy of said guidelines are attached as **Exhibit "B"** for purposes of the Court's convenience.)

14. During the ten years with Defendant Anthem, Plaintiff provided the best medical care to Anthem's insured participants, at the lowest costs, with the fewest visits, and with the highest success rate, within or above the standards of the local medical community and Defendant Anthem's standards and protocols.

15. Defendant Anthem, in an effort to facilitate the implementation of the administration of the aforesaid provider agreement, selected, as its agent, a group of medical professionals from the local community to be a "gatekeeper," making decisions and value judgments regarding the quality of medical health professionals permitted to participate in the Anthem reimbursement program described herein.

16. At all times relevant hereto, Defendant Nash was the overseer, director, or chairman of this "gatekeeping" group of medical professionals, and Defendant Nash and this "gatekeeping" group acted as agents for, and in active participation with, Defendant Anthem.

## COUNT ONE

## DUE PROCESS AND FAIR PROCEDURE

17. Plaintiff incorporates the foregoing paragraphs 1-16 as if fully rewritten herein.

18. The aforesaid provider agreement created a mutually explicit understanding between the parties, which understanding was supported by the custom, practice, acts, representations and conduct of the parties thereto, the local medical community, and Anthem's insured participants, that the agreement would continue unless terminated for

good cause, that it would be renewed annually as long as Plaintiff substantially performed thereunder, and that Plaintiff would not be denied renewal or be terminated for arbitrary, capricious or unreasonable reasons.

19. This understanding was a legitimate expectation of Plaintiff, which constituted a substantial property right and economic benefit to Plaintiff.

20. On March 19, 2001, Defendant Anthem failed, and refused, to renew its medical provider agreement with Plaintiff Pannozzo, thus terminating, cancelling and discontinuing Plaintiff's rights thereunder. (Non-renewal Letter from Defendant Anthem attached as **Exhibit C**).

21. Not being a party to a medical provider agreement with Defendant Anthem and not being eligible to be compensated or reimbursed by Defendant Anthem is calamitous to the practice and business of any physician or medical professional in the Mahoning County community.

22. Said non-renewal by Defendants was arbitrary, unreasonable, discriminatory, capricious, without good cause, and not in the best interests of Anthem's insured participants and was not done in accordance with standards or guidelines which were published, objective, consistent, fair or reasonable.

23. Said non-renewal by Defendants was taken without giving Plaintiff reasonable notice of Defendant Anthem's intended actions, a justification or explanation of it actions, an opportunity for Plaintiff to be heard to explain his side of the situation, or any other safeguards traditionally associated with due process and fair procedure.

24. The actions of Defendants interfered with, limited and deprived Plaintiff of a legitimate right to enjoy his occupation and pursue his livelihood, which right constitutes a substantial liberty interest.

25. The actions of Defendants were intentional, willful, wanton, illegal, malicious, in bad faith, in conscious disregard of the rights and interests of Plaintiff and Defendant Anthem's insured participants and in derogation of fundamental principles of justice and equity.

26. The actions of Defendants deprived Plaintiff Pannozzo of reasonable anticipated reimbursement for professional services rendered to Anthem's insured participants, limited his ability to generate future revenues, harmed his business reputation and good will, adversely affected his personal, financial, professional and business interests, and caused him mental and emotional distress. He has sustained, and continues to sustain, significant harm and substantial damages as a result thereof.

## SECOND COUNT

## BREACH OF CONTRACT

27. Plaintiff incorporates the foregoing paragraphs 1-26 as if fully rewritten herein.

28. The aforementioned medical provider agreement and mutual explicit understanding relating thereto constituted a valid and binding contract between Plaintiff and Defendant Anthem.

29. The action of Defendants in denying, or cancelling, Plaintiff a medical provider agreement for 2001 constitutes a breach of said contract.

30. Defendant Anthem owed Plaintiff Pannozzo a contractual duty of good faith and fair dealing, which duty has been breached by the aforementioned actions of Defendants.

31. Plaintiff has been significantly harmed, and has sustained, and continues to sustain, substantial damages as a result of the aforesaid breaches of contract.

32. Plaintiff Pannozzo is entitled to specific performance of said contract or, in the alternative, substantial damages.

### THIRD COUNT

### PROMISSORY ESTOPPEL

33. Plaintiff incorporates the foregoing paragraphs 1-32 as if fully rewritten herein.

34. By the aforementioned medical provider agreements and the mutually explicit understanding relating thereto, Defendant Anthem promised to Plaintiff Pannozzo that Plaintiff would be able to continue to treat his patients who were Anthem's insured participants, and be reasonably compensated or reimbursed therefor, as long as he substantially performed his obligations under the contract between the parties, and that his contract would not be cancelled, terminated or not renewed without good cause, or for arbitrary, capricious or unreasonable reasons.

35. In good faith reliance on the promises and representations of Defendant Anthem, and in anticipation of future business with Defendant Anthem and its insured participants, Plaintiff Pannozzo has incurred substantial expenses in hiring and training personnel, leasing and purchasing office space, equipment and other capital items, and

doing all other things necessary to maintain the quality of professional care rendered to Anthem's insured participants by Plaintiff.

36. Plaintiff Pannozzo could reasonably expect that Defendant Anthem would honor and uphold its agreement and understanding between the parties, that Plaintiff would be able to continue to treat his patients who were Anthem's insured participants, and be reasonably compensated or reimbursed therefor, as long as he substantially performed his obligations under the contract between the parties, and that his contract would not be cancelled, terminated or not renewed without good cause or for arbitrary, capricious or unreasonable reasons.

37. By the failure and refusal of Defendant Anthem to comply with its promises and representations regarding the agreements and the understanding relating thereto, Plaintiff Pannozzo has been significantly harmed and has sustained, and continues to sustain, substantial damages.

38. Defendant Anthem is estopped from denying, disclaiming, limiting or breaching its promises and representations.

39. Plaintiff Pannozzo is entitled to specific performance of the aforesaid promises and representations, or in the alternative, substantial damages.

## FOURTH COUNT

### INTERFERENCE WITH CONTRACT

40. Plaintiff incorporates the foregoing paragraphs 1-39 as though fully rewritten herein.

41. Plaintiff Pannozzo and Defendant Anthem had, at all times pertinent hereto had a valid and binding contractual relationship with each other based on aforesaid

medical provider agreements, the mutually explicit understanding between the parties, promises and representations of Defendant Anthem, and the custom, practices, acts and conduct of the parties, the local medical community and Anthem's insured participants.

42. Defendant Nash and his "gatekeeping" group recommended to Defendant Anthem to discontinue, cancel, terminate, non-renew and breach its contract with Plaintiff Pannozzo.

43. Said action and conduct by Defendant Nash constituted a tortious interference with an existing contractual relationship.

44. Said action by Defendant Nash and his "gatekeeping" group was taken without published, objective, consistent, fair or reasonable standards, and was taken intentionally, wantonly, willfully, illegally, maliciously and in conscious disregard of the rights and interests of Plaintiff and Defendant Anthem's insured participants.

45. At all times pertinent hereto, Plaintiff Pannozzo had valid contractual relationships with his patients, many of whom were Anthem's insured participants.

46. Plaintiff's patients, by necessity, relied on Defendant Anthem's medical provider agreements, the mutually explicit understanding between the parties and subclaimant Anthem's, promises, and representations for reimbursement of their bills from Plaintiff Pannozzo for medical services rendered, and for continuation of said reimbursement into the future.

47. The termination and non-renewal of the aforementioned medical provider agreements by Defendant Anthem constitutes a gross and undue hardship on Plaintiff's patients, and has caused many of them to discontinue current and future contractual relationships with Plaintiff Pannozzo.

48.     Said action and conduct by Defendant Anthem constituted tortious interference with existing contractual relationships.

## FIFTH COUNT

## ANTI-TRUST

49.     Plaintiff incorporates the foregoing paragraphs 1-48 as if fully rewritten herein.

50.     Defendant Anthem and Defendant Nash have conspired with an intent to restrain trade in interstate commerce, indirectly or directly preventing free and unrestricted competition among medical professionals in the Mahoning County community, limiting access of Anthem's insured participants to the highest quality medical care from physicians of their choice, and causing prices and availability of services to be dependent on a monopolistic scheme or system of provider agreements and contractual relationships.

51.     The actions and conduct of Defendant Anthem and Defendant Nash, in combination, constitute as violation of state and federal anti-trust laws; specifically Ohio R.C. Chapter 1331 and 15 USC Section 1 et seq. (the Sherman Anti-Trust Act).

52.     As a result of the anti-competitive actions and conduct of Defendants, Plaintiff Pannozzo has been significantly harmed, and has sustained, and continues to sustain, substantial damages.

## SIXTH COUNT

## RIGHT TO FREE SPEECH

53.     Plaintiff incorporates the foregoing paragraphs 1-52 as if fully rewritten herein.

54. Plaintiff Pannozzo has been threatened by Defendant Anthem and its agents not to communicate with other medical professionals in the Mahoning County community about his situation described herein. (See, e.g. **EXHIBIT "D"** attached.)

55. Such action and conduct by Defendant Anthem constitutes a violation of the rights and privileges of free speech and fair comment and opinion guaranteed Plaintiff under the First Amendment to the U.S. Constitution.

56. As a result of the action and conduct of Defendants, Plaintiff Pannozzo has been significantly harmed and has sustained, and continues to sustain, substantial damages.

## SEVENTH COUNT

### INJUNCTION

57. Plaintiff incorporates the foregoing paragraphs 1-56 as if fully rewritten herein.

58. The action and conduct of Defendants in terminating, canceling, non-renewing or discontinuing Plaintiff's medical provider agreement, without due process or fair procedure, in derogation of fundamental principles of justice and equity, contrary to state and federal anti-trust laws, in bad faith, with malice, without good cause and in conscious, willful and wanton disregard of Plaintiff's rights and interests, cause, and will continue to cause, Plaintiff irreparable injury and harm, for which there is no adequate remedy at law.

59. Temporary and preliminary injunctive relief, preventing Defendants from continuing its termination of Plaintiff's medical provider agreement, will preserve the status quo pending a final resolution of this matter on the merits.

60. Granting injunctive relief to Plaintiff will cause minimal or no injury or harm to Defendants and will be in the best interests of other third parties, Anthem's insured participants, and the public at large.

**WHEREFORE,** the Plaintiff demands judgment in First – Sixth Counts against Defendants jointly and severally, as follows:

1. $5,000,000.00 (Five Million Dollars) as compensatory and consequential damages.

2. $15,000,000.00 (Fifteen Million Dollars) as punitive damages.

3. That the Court issue a temporary restraining order and preliminary permanent injunction restraining Defendants from terminating, discriminating, non-renewing or canceling Plaintiff's medical provider agreement, and ordering Defendant Anthem to place the Plaintiff on its medical providers list, until further order of the Court.

Respectfully Submitted,

MARK STEVEN COLUCCI, (#0023683)
Attorney For Plaintiff
The Bank One Building
6 Federal Plaza Central, Suite 1101
Youngstown, Ohio 44503-1508
Ph.: 330/746-3535, Fax: 330/746-0475

## JURY DEMAND

Pursuant to the rules of the Federal Court regarding civil litigation, the Plaintiff demands trial by jury as to all his claims set forth herein.

Respectfully Submitted,

_____
MARK STEVEN COLUCCI, (#0023683)
Attorney For Plaintiff
The Bank One Building
6 Federal Plaza Central, Suite 1101
Youngstown, Ohio 44503-1508
Ph.: 330/746-3535, Fax: 330/746-0475

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that a copies of the foregoing Amended Complaint was served on the below parties on or about this 26 day of June, 2001 by ordinary U.S. mail:

Anthem Blue Cross and Blue Shield
2400 Market Street
Youngstown, Ohio 44507
Defendant

Kevin L. Nash, M.D.
500 Gypsy Lane
Youngstown, Ohio 44504
Defendant

Atty. Michael J. Canter
Vorys Sater Seymour and Pease LLP
52 E. Gay Street
Columbus Ohio 43216
Counsel for Defendants